UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SYMPLR SOFTWARE LLC,<br><br>    Plaintiff,<br><br>v.<br><br>THEORIA MEDICAL PLLC,<br><br>    Defendant. | Case No. 23-10698<br>Honorable Laurie J. Michelson |

## OPINION AND ORDER DENYING THEORIA'S MOTION TO DISMISS [21]

Symplr Software LLC contracted with Theoria Medical PLLC to provide Theoria with software and support and maintenance services to help credential its medical providers. Theoria quickly became dissatisfied with what it perceived as Symplr's delay, even though the contract did not explicitly state a timeline for implementing the credentialing process. So only a week after the contract was entered, Theoria terminated it. Symplr told Theoria it believed that was a breach of contract, and after unsuccessful resolution efforts Theoria responded, "sue me." (ECF No. 1, PageID.1–2.) And that is what Symplr did.

Theoria has now moved to dismiss the complaint, arguing that the Court does not have jurisdiction over this breach of contract action because the amount in controversy is below the jurisdictional threshold of $75,000. (ECF No. 21.) The motion is fully briefed and does not require further argument. *See* E.D. Mich. LR 7.1(f). For the reasons that follow, Theoria's motion is denied.

## I.

Theoria, a "medical services and technology company," began looking for a new vendor to help credential medical providers and bill for their services after discovering "that its former credentialing and billing vendor had mismanaged the credentialing of many providers resulting in Theoria being unable to bill for those providers' services." (ECF No. 21, PageID.399–400.) According to Theoria, it "needed a new credentialing vendor post-haste" because "payor deadlines regarding the timing of medical claims submissions [meant that] many of Theoria's older erroneous medical claims [could not] be appealed or corrected." (*Id.* at 400.) Once the deadlines passed, the claims become time-barred and "that revenue is lost, forever." (*Id.*)

So Theoria turned to Symplr to help solve this credentialing problem.

On January 24, 2023, Symplr and Theoria entered into a contract for the use of Symplr's software and related services. (ECF No. 16, PageID.196.) A few days later, on Friday, January 27, Symplr and Theoria met to discuss the implementation of the contract and the importation of Theoria's data into Symplr's software. (*Id.* at PageID.200.) Symplr proposed a 30-day timeline for this process, but Theoria was displeased and threatened to "consider voiding the contract" if the process was not expedited. (*Id.*) Symplr responded with a plan to implement the software in just six days, but Theoria did not respond to this plan. (*Id.* at PageID.200–201.) Instead, on February 1, 2023, Theoria sent a termination letter and informed Symplr "we are not proceeding with this relationship in light of Friday's call." (*Id.* at PageID.201.) Symplr

advised Theoria that it believed its actions violated the contract, but Theoria disagreed. (*Id.*)

The contract provided that it would continue for three years and would automatically renew each year unless either party terminated it with 90-days' notice "prior to the end of the operative term." (*Id.* at PageID.196 (citing ECF No. 13-2, PageID.81).) Either party could terminate the agreement for cause if (a) the other party was in material breach and failed to cure within 30 days of written notice of the breach or (b) either party filed for bankruptcy. (*Id.* at PageID.199–200.) The contract did not allow termination without cause prior to the expiration of the initial three-year term. (*Id.*) Also under the contract, Theoria was to pay an implementation fee, a one-time administrative fee "up front before any services [we]re performed," and would be responsible for paying for at least 265 providers to be credentialled in Symplr's software. (*Id.* at PageID.198–199.) The administrative fee alone was over $75,000. (*Id.*)

The contract contained no provision indicating that time was of the essence. Nor was Symplr given an opportunity to cure. And Theoria was not willing to pay any alleged damages to Symplr after terminating the contract. So Symplr filed this lawsuit alleging breach of contract. (ECF No. 16.)

Theoria has a different view of the parties' agreement. (ECF No. 21.) Theoria says Symplr promised to meet certain deadlines but failed to do so. (*Id.* at PageID.397.) Theoria claims that, even though the contract terms do not include a timeframe for implementation (ECF No. 16, PageID.199), there was still an

3

understanding that time was of the essence and that such a term should be read into the contract (ECF No. 21, PageID.400–401, 417–419).

What is more, even if it breached the contract, Theoria says Symplr is not entitled to any damages, let alone over $75,000, so the Court lacks jurisdiction to hear the case and it must be dismissed. (*Id.* at PageID.406–407.) Theoria asserts that Symplr had not begun any work on the contract, so any damages would amount to lost profits and lost revenue, the recovery of which is barred by certain waiver provisions in the contract. (*Id.*) Theoria also says that Symplr never submitted an invoice even though, as Theoria contends, it was required to do so under the contract; so even if any services were rendered, the contract bars recovery. (*Id.* at PageID.407–408.)

## II.

The Court begins, as it must, with Theoria's attack on its subject matter jurisdiction. *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) ("Subject matter jurisdiction is always a threshold determination.").

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to challenge the Court's subject-matter jurisdiction. "Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack questions the sufficiency of the pleadings, taking all allegations in the complaint as true. *Id.* Conversely, in a factual attack, there is no presumptive truthfulness. *Id.* The Court may consider matters outside of the

4

pleadings and weigh conflicting evidence to determine whether subject-matter jurisdiction exists. *Id*. Under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction in order to survive the motion. *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

District courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332. When, as here, a plaintiff alleges that the amount in controversy exceeds $75,000, the Court should only dismiss the claim for lack of subject matter jurisdiction where it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Indeed, as long as the plaintiff alleges more than $75,000 in damages and there is "a legal basis for [the plaintiff's] claim, and . . . some chance that [it] could recover the amount claimed," the amount in controversy requirement is met. *Kovacs v. Chesley*, 406 F.3d 393, 395 (6th Cir. 2005); *see also Symetra Life Ins. Co. v. Admin. Sys. Rsch. Corp.*, 2022 WL 16730542, *3 (6th Cir. 2022) ("[W]e accept the amount alleged in the complaint so long as the claim is made in good faith.").

Symplr alleged that as a result of Theoria's breach, it is owed over $75,000. It has demonstrated that the administrative and implementation fees alone, which the contract stated were due to Symplr "up front before any services are performed" (*see*

5

ECF No. 13-2, PageID.118)[1], exceed this threshold amount. Therefore, even if Symplr did not provide any services for Theoria, it may be entitled to damages over $75,000 and has a good faith basis for asserting so. Both facially and factually, Symplr has satisfied the amount in controversy requirement, and the Court may properly assert diversity jurisdiction over this case.

### III.

Alternatively, Theoria asks the Court to convert its motion to dismiss into a motion for summary judgment under Federal Rule of Civil Procedure 12(d). (ECF No. 21, PageID.417.) The undisputed record, says Theoria, establishes "that Theoria believed and Symplr knew that timing was crucial for Theoria's credentialing work." (*Id.*) The Court declines Theoria's invitation. *See Swanigan v. Northwest Airlines, Inc.*, 718 F. Supp. 2d 917, 922 (W.D. Tenn. 2010) ("It is within the trial court's discretion to determine whether to convert a motion to dismiss into a motion for summary judgment.") (citing *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)).

Here, while the parties attach and rely on considerable extraneous evidence, "it would be inappropriate to consider [their] fact-intensive arguments at this early

---

[1] The Court may consider this referenced order form, as well as the contract itself, at this stage without converting the opinion to one of summary judgment because both are referred to in and central to Plaintiff's complaint. *See Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (explaining that, at the motion to dismiss stage, a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein").

stage, prior to discovery." *Lewis Lumber & Milling, Inc. v. Mereen-Johnson, LLC*, No. 17-643, 2018 WL 6181356, at *3 (M.D. Tenn. Nov. 27, 2018) (declining to convert a motion to dismiss to a motion for summary judgment when discovery had not yet been completed); *see also Spicer v. Mich.*, No. 19-13718, 2021 U.S. Dist. LEXIS 126072, at *8 (E.D. Mich. July 8, 2021) ("The Court will also decline to convert the motion to dismiss into a summary judgment motion because the parties have not exchanged discovery."); *Tucker v. Union of Needletrades, Indus., & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005) (A summary judgment motion "may not be granted until a plaintiff has had an opportunity for discovery."). As evidenced by the parties' conflicting declarations, they disagree about such things as whether time was of the essence, whether a lack of timeliness was curable, whether Symplr performed work on the contract, and if so, whether it invoiced for that work.

Additionally, the Court's preliminary review of the contract does not support a conversion to the summary judgment stage. Symplr is correct to point out that the agreement does not contain any specific timelines for Symplr to start or finish implementation. (ECF No. 31, PageID.656.) Nor does the plain language of the agreement appear to support Theoria's argument that Symplr is not entitled to any damages. Symplr represents that it is only seeking "direct, benefit of the bargain, expectation damages" which are not precluded under the agreement's "waiver of damages" provision. (*Id.* at PageID.650.) And it appears Theoria's payment obligations are not excused under the "limitation of liability" provision. (ECF No. 22, PageID.548 (Sealed).) Plus, on the present conflicting record, the Court is in no

7

position to find that Theoria did not commit a "willful" breach such that this limitation of liability provision would apply as a matter of law. (*Id.*) So considerations of summary judgment will have to wait.

## IV.

For the foregoing reasons, Theoria's motion to dismiss or, in the alternative, for summary judgment, is DENIED.

SO ORDERED.

Dated: March 5, 2024

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  UNITED STATES DISTRICT JUDGE